IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00143-JLK-MJW

THOMAS MARRESE,

    Plaintiff,

vs.

SUE DUNCAN, eAUCTIONPLACE LLC, CHARLES OCKERMAN
and JULIE OCKERMAN,

              Defendants.

---

ORDER ON PENDING MATTERS

---

Kane, J.

This action is before me on the Response of Plaintiff Thomas Marrese to the Order to Show Cause (Doc. 4), filed on January 24, 2008, and his related Motion to Amend Complaint (Doc. 3), filed January 28, 2008. In the Order to Show Cause (Doc. 2) that prompted both of these filings, I directed Mr. Marrese to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The basis of the Order was Mr. Marresse's representation in his complaint that "Jurisdiction is asserted pursuant to [sic] following statutory authorities: 28 U.S.C. § 1332 (Diversity)," Complaint, ¶ 4, even though he alleged only $3,575.00 as the amount in controversy. This amount is more than $70,000 less than the $75,000 minimum necessary to establish diversity jurisdiction under the cited statute.

Mr. Marrese is a licensed attorney in Colorado. Although he is appearing *pro se* in this action, he remains subject to the strictures of Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. *See Segarra v. Messina*, 158 F.R.D. 230, 234 (N.D.N.Y. 1994); 28 U.S.C. § 1927 (attorney or other person admitted to court subject to provision). Rule 11 allows for sanctions to be imposed against an attorney who makes unwarranted legal contentions, *see* Fed. R. Civ. P. 11(b)(2); *Segarra*, 158 F.R.D. at 234 (attorney appearing *pro se* subject to monetary sanctions for Rule 11 violations involving frivolous contentions of law), and both authorities authorize sanctions against an attorney who makes filings for improper purposes or multiplies proceedings in federal court unreasonably and vexatiously, Fed. R. Civ. P. 11(b)(1); 28 U.S.C. § 1927. The assertion of diversity jurisdiction by a presumably competent attorney based on a dispute involving only $3,575.00 in controversy raises questions under this authority.

Mr. Marrese has sought to cure the jurisdictional deficiency of his original complaint by moving to amend the complaint to add a claim for "Extreme and Outrageous Conduct," allegedly causing him "emotional damages in excess of $100,000.00." [Proposed] Amended Complaint (Doc. 3-2), ¶ 40. Mr. Marrese has a right to amend his pleading once as a matter of course before service, *see* Fed. R. Civ. P. 15(a), and he appears, at least technically, to have stated a claim for extreme and outrageous conduct under Colorado law. Accordingly, Mr. Marrese's Motion to Amend is GRANTED, and the Order to Show Cause is DISCHARGED.

However, I note that the assertion of this new claim and the amount of damages claimed again raise questions under Rule 11 and 28 U.S.C. § 1927. Should it be shown that Mr. Marrese is asserting this action in federal court or multiplying proceedings in this court in violation of these provisions, I will not hesitate to assess sanctions for this conduct.

I further ORDER that Mr. Marrese serve this Order and the preceding Order to Show Cause (Doc. 2) on the named Defendants when and if he serves them with the Amended Complaint.

IT IS SO ORDERED this 11th day of February, 2008.

s/ John L. Kane  
John L. Kane, Senior District Judge  
United States District Court